Stuart Price, Esq. (SBN:150439)
Price Law Group, APC
15760 Ventura Boulevard, Suite 800
Encino, CA 91436
Tel: 818-907-2030
stuart@pricelawgroup.com
*Attorneys for Plaintiff,*
*Elaine Moreno*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| ELAINE MORENO,<br><br>       Plaintiff,<br><br>    v.<br><br>CITIBANK, N.A., BEST BUY CO., INC.; and DOES 1 to 10, inclusive,<br><br>       Defendant(s). | Case No.:<br><br>COMPLAINT AND DEMAND FOR JURY TRIAL<br><br>   1.  TCPA, 47 U.S.C. § 227<br>   2.  RFDCPA, Cal. Civ. Code § 1788<br><br>(Unlawful Debt Collection Practices) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Elena Moreno ("Plaintiff"), through her attorneys, alleges the following against Defendants, Citibank, N.A. ("Citi") and Best Buy Co., Inc. ("Best Buy"), together ("Defendants"):

## INTRODUCTION

1.  Count I of Plaintiff's Complaint is based upon the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. The TCPA is a federal statute that broadly regulates the use of automated telephone equipment.  Among other things, the TCPA prohibits certain unsolicited marketing calls, restricts the use of automatic

dialers or prerecorded messages, and delegates rulemaking authority to the Federal Communications Commission ("FCC").

2. Count II of Plaintiff's Complaint is based upon Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), CAL. CIV. CODE § 1788, which prohibits debt collectors from engaging in abusive, deceptive and unfair practices in connection with the collection of consumer debts.

## JURISDICTION AND VENUE

3. Jurisdiction of the Court arises under 47 U.S.C. §227 et seq. and 28 U.S.C. 1331.

4. Venue is proper pursuant to *28 U.S.C. 1391(b)(2)* in that a substantial part of the events or omissions giving rise to the claim occurred in this District.

5. Defendant transacts business here; personal jurisdiction is established.

## PARTIES

6. Plaintiff is a natural person residing in Palmdale, Los Angeles County, California.

7. Plaintiff is a debtor as defined by *Cal. Civ. Code § 1788.2(h).*

8. Defendant, Citi, is a creditor engaged in the business of giving loans and managing credit accounts with its principal place of business located in New York, New York. Citi is the bank that manages the credit card accounts for Defendant, Best Buy. Defendant can be served with process in 701 East 60th Street North, Sioux Falls, SD 57104.

9. Defendant, Best Buy, is a retail store engaged in the business of selling goods and managing credit accounts with its headquarters located at 7601 Penn Ave. S.,

Richfield, MN. Best Buy can be served with process at CT Corporation System, 3800 N. Central Ave., Suite 460, Phoenix, AZ 85012.

10. Defendants are both debt collectors as that term is defined by Cal. Civ. Code §1788.2(c).

11. Defendants acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

12. Defendants are attempting to collect a debt from Plaintiff.

13. In or around December 2016, Defendants began placing calls to Plaintiff's cellular phone number (818) 800-9260, in an attempt to collect an alleged debt.

14. The calls mainly originated from: (877) 561-2272 and (469) 914-7211; upon information and belief, these numbers are owned or operated by Defendants.

15. Between December 5, 2016 and December 7, 2016, Defendant called Plaintiff no less than nine (9) times and left her no less than three (3) voicemails.

16. On or about December 7, 2016, at 5:42 p.m., Plaintiff answered a call from Defendant originating from (877) 561-2272; Plaintiff heard a pause before the collection agent began to speak, indicating the use of an automated telephone dialing system.

17. Defendant's representative informed Plaintiff that it was attempting to collect a debt.

18. Plaintiff unequivocally revoked consent to be called any further.

19. On or about December 11, 2016, Defendant called Plaintiff on her cellular phone four times at 8:35 a.m., 11:30 a.m., 1:31 p.m., and 3:32 p.m.

20. On or about December 12, 2016, Defendant called Plaintiff on her cellular phone four more times at 8:22 a.m., 11:24 a.m., 2:26 p.m., and 5:38 p.m.

21. On or about December 14, 2016, Defendant called Plaintiff four more times at 8:44 a.m., 11:55 a.m., 3:28 p.m., and 6:29 p.m. Defendant, at 8:44 a.m., and left a voicemail on Plaintiff's cellular phone originating from (469) 914-7211.

22. Between December 15, 2016 and December 23, 2016, Defendant called Plaintiff every day at least three times per day.

23. During that same time period, Defendant left Plaintiff one voicemail each day. The voicemails were always the exact same message as the initial voicemail, and they all originated from (469) 914-7211.

24. On December 26, 2016 and December 27, 2016, Defendant called Plaintiff at least four times each day.

25. On or about December 28, 2016, at 8:10 a.m., Plaintiff answered a call from Defendant originating from (877) 561-2272.

26. Defendant's representative informed Plaintiff that it was attempting to collect a debt and Plaintiff, for the second time, unequivocally revoked consent to be called any further.

27. Between December 7, 2016, the day that Plaintiff first revoked consent to be contacted by Defendant, and December 28, 2016, Defendant called Plaintiff on

her cellular phone no less than seventy (70) times and left Plaintiff at least thirteen (13) voicemails.

28. As a result of Defendant's conduct, Plaintiff has sustained actual damages including but not limited to, emotional and mental pain and anguish.

29. Plaintiff has been increasingly stressed out and has become fearful of the phone calls.

30. The phone calls have affected Plaintiff's work by ringing during her working hours and causing Plaintiff to silence her phone.

## COUNT I

### (Violations of the TCPA, 47 U.S.C. § 227)

31. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

32. Defendant violated the TCPA.  Defendant's violations include, but are not limited to the following:

   a) Within four years prior to the filing of this action, on multiple occasions, Defendant violated TCPA 47 U.S.C. § 227 (b)(1)(A)(iii) which states in pertinent part, "It shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice — to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call.

b) Within four years prior to the filing of this action, on multiple occasions, Defendant willfully and/or knowingly contacted Plaintiff at Plaintiff's cellular telephone using an artificial prerecorded voice or an automatic telephone dialing system and as such, Defendant knowing and/or willfully violated the TCPA.

33. As a result of Defendant's violations of 47 U.S.C. § 227, Plaintiff is entitled to an award of five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B). If the Court finds that Defendant knowingly and/or willfully violated the TCPA, Plaintiff is entitled to an award of one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## COUNT II

### (Violations of the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788)

34. Plaintiff incorporates herein by reference all of the above paragraphs of this complaint as though fully set forth herein at length.

35. Defendant violated the RFDCPA. Defendant's violations include, but are not limited to, the following:

a) Defendant violated Cal. Civ. Code § 1788.11(d) by causing a telephone to ring repeatedly or continuously to annoy the person called;

   b) Defendant violated Cal. Civ. Code § 1788.17 by collecting or attempting to collect a consumer debt without complying with the provisions of Sections 1692b to 1692j, inclusive, of . . . Title 15 of the United States Code (Fair Debt Collection Practices Act).

      i. Defendant violated Cal. Civ. Code § 1788.17 by violating 15 U.S.C. § 1692d by engaging in conduct, the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of the alleged debt; and

      ii. Defendant violated CAL. CIV. CODE § 1788.17 by violating 15 U.S.C. § 1692d(5) by causing Plaintiff's phone to ring or engaging Plaintiff in telephone conversations repeatedly;

      iii. Defendant violated CAL. CIV. CODE § 1788.17 by violating 15 U.S.C. § 1692f by using unfair or unconscionable means in connection with the collection of an alleged debt; and

36. Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

37. As a result of the foregoing violations of the RFDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages, and attorneys' fees and costs.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, Elaine Moreno, respectfully requests judgment be entered against Defendants, Citibank, N.A. and Best Buy Co., Inc. for the following:

   A. Declaratory judgment that Defendant violated the RFDCPA;

B.  Statutory damages of $1,000.00 pursuant to the Rosenthal Fair Debt Collection Practices act, Cal. Civ. Code §1788.30(b);

C.  Actual damages pursuant to Cal. Civ. Code §1788.30(b);

D.  Costs and reasonable attorneys' fees pursuant to the Rosenthal Fair Debt Collections Practices Act, Cal. Civ. Code §1788.30(c);

E.  Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C);

F.  Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

G.  Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,

Dated: February 07, 2017                    By:/s/ Stuart Price
                                            Stuart Price, Esq.
                                            15760 Ventura Blvd., Suite 800
                                            Encino, CA 91436
                                            Tel: 818-907-2030
                                            stuart@pricelawgroup.com
                                            Attorneys for Plaintiff,
                                            Elaine Moreno